FILED
OCT 26 2020
Matthew Thelen
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR TAKEN ALIVE, JR.,<br><br>Defendant. | 1:19-CR-10027-CBK<br><br><br>ORDER |

Defendant pleaded guilty to assault of an intimate or dating partner by strangulation and domestic assault by an habitual offender. He was sentenced on December 4, 2019, to 33 months custody on each count, to run concurrently.

Petitioner filed what is construed as a motion for compassionate release (Doc. 41), sending it to Chief Judge Lange who has no connection with the case of Mr. Taken Alive, Jr. The government filed a response (Doc. 46) with medical records of petitioner from FCI Oxford, Wisconsin. Defendant has an anticipated release date of October 22, 2021. https://www.bop.gov/inmateloc/ last visited October 23, 2020.

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion of the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission issued Guidelines § 1B1.13 setting forth the Commission's policy statement on compassionate release, which were consistent with § 3582(c).

Pursuant to the First Step Act of 2018, the district court is now authorized to grant compassionate release upon motion of a defendant after the exhaustion of administrative remedies. Pub. L. 115-391, § 603(b), 18 U.S.C. § 3582(c)(1)(A). The government does not contend that defendant did not exhaust his administrative remedies.

In evaluating a request for compassionate release, the district court is required to consider the factors set forth in section 3553(a), to the extent that they are applicable, and may reduce defendant's sentence of imprisonment if it finds that

(1)     (a) extraordinary and compelling reasons warrant such a reduction,

or

(b) the defendant is at least 70 years of age and has served at least 30 years in prison for the offense or offenses for which the defendant is currently imprisoned

and

(2)     the defendant is not a danger to the safety of any other person or the community.

18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13.

Defendant requests compassionate release based upon his medical condition and the fact that COVID 19 is wide-spread in the BOP system. Chief Judge Lange has observed:

> There can be no doubt that the effects of the global COVID-19 pandemic are extraordinary, and that the disease in some situations may be an "other reason" to grant compassionate release under § 1B1.13 comment note (D). The illness and the potential for its spread has affected the daily life of nearly every American citizen and has resulted in massive disruptions to the economy. Despite these drastic effects, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." The question becomes whether [defendant's] medical conditions . . . combined with the crowded conditions of confinement justify compassionate release.

United States v. Frost, ___ F.3d ___, ___, 2020 WL 3869294, at *4 (D.S.D. July 9, 2020) *citing* United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant is age 53 and has no serious physical or medical condition sufficient to justify his release. His claims of cirrhosis of the liver and high blood pressure are not supported by the records of the Bureau of Prisons ("BOP"). He certainly has nothing that cannot be treated or managed while in BOP custody.

He has a previous conviction when he was age 44 for domestic abuse by an habitual offender. His supervised release was revoked twice, and he received a 12 month sentence each

2

time. At age 29, he was convicted in federal court of use of a firearm during a crime of violence. He has 66 tribal court convictions, many for acts of violence. He has failed to demonstrate that he is not a danger to the safety of the community and all the evidence is to the contrary. There are no 18 U.S.C. §3553(A) factors to merit his early release. There are also no "extraordinary and compelling reasons", as defined by U.S.S.G. 1B1.13, which would justify his release. The motion should be denied.

NOW, THEREFORE,

It is ordered that the motion for a sentence reduction or compassionate release (Doc. 41) is denied.

DATED at Aberdeen, South Dakota, this 26th day of October, 2020.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge